OPINION
{¶ 1} Carlos Bailum was found guilty by a jury in the Clark County Court of Common Pleas of gross sexual imposition, felonious sexual penetration, attempted rape, two counts of rape, and two counts of attempted unlawful sexual conduct with a minor. The counts of attempted unlawful sexual conduct with a minor included specifications that Bailum had been ten or more years older than the victim. Bailum's aggregate sentence was imprisonment for a minimum of thirty-four years and four months and a maximum of fifty-two years and four months. The sentences will be discussed in greater detail infra. Bailum appeals from his conviction and sentence.
 {¶ 1} The offenses at issue involved Bailum's relationship with his girlfriend's daughter. The state's evidence showed that sexual contact between Bailum and the victim began when the girl was four or five years old and continued for approximately ten years. The initial behaviors of touching the victim's chest and vagina (with digital penetration) evolved over time into oral sex (cunnilingus) and anal sex. The victim stated that Bailum tried to have vaginal sex with her but did not succeed.
 {¶ 2} Bailum lived with the victim during significant portions of the period during which the abuse occurred. Moreover, when Bailum and the victim's mother broke off their relationship, Bailum continued to see the victim by coming to pick her up most weekends and taking her to his house, even when he had moved out of Springfield. According to the victim, Bailum threatened to hurt her mother and brother if she told anyone about his behavior. Nonetheless, the victim did tell her mother about Bailum's inappropriate conduct, but the mother, who was an alcoholic, did not believe her. The victim eventually told her sister, who had not lived with her or Bailum, and a school counselor, who contacted the police.
 {¶ 3} During questioning by the police, Bailum admitted to having had sexual contact with the victim, although he did not admit to the full range of behaviors that she had alleged. Bailum was subsequently indicted on six counts of rape, two counts of felonious sexual penetration, attempted rape, gross sexual imposition, and two counts of unlawful sexual conduct with a minor. He pled not guilty, and a trial was held on August 11-13, 2004. He was found guilty of numerous charges, as set forth supra, and was acquitted on several other charges. Bailum was sentenced to eighteen months for gross sexual imposition, seven to twenty-five years for felonious sexual penetration, six years for attempted rape, nine years and eight years on two counts of rape, and eleven months each on two counts of unlawful sexual conduct with a minor. The court ordered that the sentences be served "CONSECUTIVELY with each other for a total of twenty-seven (27) years and four(4) months flat time to be served PRIOR to and CONSECUTIVELY with the seven (7) to twenty-five (25) years indefinite term." The court also classified Bailum as a sexually oriented offender.
 {¶ 4} Bailum raises three assignments of error on appeal. The first two assignments allege the ineffective assistance of counsel, which will be evaluated under the two prong analysis set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. Strickland, 466 U.S. at 688. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Strickland,466 U.S. at 688.
 {¶ 5} I. "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO CALL EXPERT WITNESSES WHICH WOULD HAVE AIDED IN APPELLANT'S DEFENSE."
 {¶ 6} Bailum claims that his attorney was ineffective in failing to call an expert witness to opine about the absence of physical evidence of abuse.
 {¶ 7} We note that the state did not present any physical evidence of abuse and that the police officer who interviewed the victim testified that he had not referred her for an examination because so much time had passed from the onset of the abuse and because children tend to heal quickly. The victim herself testified that there had been no vaginal intercourse and that the digital penetration of her vagina and anal intercourse had not caused physical injury. Under these circumstances, Bailum's attorney could have made a tactical decision not to dwell on the mechanics of sexual abuse and the recovery rates of young children. Moreover, there is no reasonable probability that such evidence would have changed the outcome of the trial.
 {¶ 8} The first assignment of error is overruled.
 {¶ 9} II. "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO RENEW OBJECTIONS TO IMPROPER REMARKS AND STATEMENTS BY THE PROSECUTION."
 {¶ 10} Bailum claims that he was denied the effective assistance of counsel because his attorney failed to object to the prosecutor's references to an audiotape of a telephone conversation between the victim's sister and Bailum in which he allegedly admitted to sexual contact with the victim. Bailum's attorney also referred to the tape himself. The tape was not admitted into evidence.
 {¶ 11} The victim's first reference at trial to an audiotaped telephone conversation came in response to a question from defense counsel about the family's failure to contact the police after the victim's allegations surfaced. On redirect, the victim testified to having listened in on a conversation between her sister and Bailum (on speakerphone) during which Bailum admitted to "inappropriate" contact with the victim. The victim explained that the police had not been called after this phone call because her mother claimed that she was "going to handle it" using the audiotape of the conversation. In his interview with the police, Bailum acknowledged that a telephone conversation had occurred during which he had admitted to sexual contact with the victim. The mother had apparently lost or destroyed the tape.
 {¶ 12} Bailum claims that trial counsel was ineffective in not objecting to the prosecution's failure "to provide the best evidence of the content of the tape" and its failure to properly authenticate the tape by questioning the victim's sister. However, insofar as the tape was not admitted into evidence, authentication was not at issue. Moreover, the victim, who heard the conversation firsthand, was competent to testify about the conversation which had allegedly been recorded. As such, the discussion regarding the tape was not improper, and counsel was not ineffective in failing to object to the questioning about this conversation and about the tape. Furthermore, Bailum was not prejudiced because he had admitted to the phone conversation and the nature thereof when he was interviewed by police, and the victim's testimony consisted merely of a positive response to the prosecutor's question whether "[d]uring this conversation did you hear the defendant make admissions to your sister that he had done some inappropriate things to you?"
 {¶ 13} The second assignment of error is overruled.
 {¶ 14} III. "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES ON THE APPELLANT."
 {¶ 15} Bailum contends that the trial court's findings were inadequate to support the imposition of consecutive sentences.
 {¶ 16} Statutory law requires certain findings and reasons if consecutive sentences are to be imposed. R.C. 2929.14(E)(4) provides:
 {¶ 17} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 18} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing * * *.
 {¶ 19} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 20} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 21} Bailum concedes that the trial court made the requisite findings that consecutive sentences were necessary to protect the public or to punish the offender and that consecutive sentences were not disproportionate to the seriousness of his conduct. He claims, however, that the court failed to make the required finding that consecutive sentences were not disproportionate to the danger he posed to the public. The trial court found, however, that recidivism was likely despite Bailum's lack of an extensive criminal record because of the age of the victim, the duration of the abuse, the denial of any misconduct, and lack of remorse. The court then stated that consecutive sentences "would not be disproportionate." In our view, these findings were sufficient to encompass both the seriousness of the offenses and the danger to the public.
 {¶ 22} Bailum also argues that the trial court's finding pursuant to R.C. 2929.14(E)(4)(b) that the harm caused by the multiple offenses was "great and unusual" was "flawed" and was inconsistent with its findings that the individual offenses had not been the worst form of the given offenses. Viewed as a whole, however, the trial court's reasoning is clear. The court found that the victim's age and the ten-year duration of the abuse had exacerbated the mental and emotional injury that she had suffered. The court also took into account Bailum's role as a father figure to the victim and the fact that he had used this role to facilitate getting time with the victim "where he could pretty much do what he wanted." The court stated, "[T]he harm in this case * * * by the Defendant of this child for 10 of her 15 years of life, under any sense of proportion, just the plain use of common sense, that harm must be great and unusual. To suffer for 10 years of abuse by someone who's placed in your household as your father figure, never being sure from one day to the other what was in store for you, what indignities you would have to suffer, the Court finds that consecutive sentences are appropriate * * *." Considering all of these factors, the trial court reasonably found that the harm caused was great and unusual and warranted the imposition of consecutive sentences.
 {¶ 23} The third assignment of error is overruled.
 {¶ 24} The judgment of the trial court will be affirmed.
Brogan, P.J. and Fain, J., concur.