OPINION
{¶ 1} Defendant-appellant Carlos Bailum appeals from his re-sentencing, under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, on his convictions for Gross Sexual
Imposition, Felonious Sexual Penetration, Attempted Rape, two counts of Rape, and *Page 2 
two counts of Unlawful Sexual Conduct with a Minor. Upon review of the record, we find no abuse of discretion. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} In 2004, Bailum was convicted, following a jury trial, of the offenses noted above, and was sentenced to an aggregate sentence of imprisonment for a minimum term of 34 years and 4 months, and a maximum term of 52 years and 4 months. He appealed. We affirmed his conviction and sentence. State v. Bailum, Clark App. No. 2004CA53, 2005-Ohio-5777. The sordid facts of these offenses, involving sexual activity between Bailum and the daughter of his girlfriend over a ten-year period beginning when the daughter was four or five years old, are summarized in our decision in that earlier appeal. On appeal to the Supreme Court of Ohio, this cause was remanded to the trial court for re-sentencing in accordance with State v. Foster, supra. In re Criminal SentencingStatutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 228. On remand, the trial court imposed the same sentence. From his sentence, Bailum appeals.
 II {¶ 3} Bailum's sole assignment of error is as follows:
 {¶ 4} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN SENTENCING MR. BAILUM TO MORE THAN THE MINIMUM AND RUNNING MULTIPLE SENTENCES CONSECUTIVELY."
 {¶ 5} The appellate standard of review when reviewing a felony sentence is abuse *Page 3 
of discretion. Ordinarily, a trial court does not abuse its discretion when it imposes a sentence within the range permitted by the applicable statute. State v. Cline, Champaign App. No. 07CA02, 2008-Ohio-1866, ¶ 105. In that case, a defendant was sentenced to an aggregate sentence of 67½ years for Conspiracy to Commit Aggravated Arson, Menacing by Stalking, Intimidation of a Crime Witness or Victim, Unauthorized Use of a Computer, Criminal Mischief, and multiple counts of Telecommunications Harassment. We did not find his sentence to be an abuse of discretion.
 {¶ 6} In the case before us, the trial court had before it all of the same facts at the re-sentencing that it had before it at the original sentencing. No new facts were elicited. In evaluating Bailum's argument that the sentence imposed, which is the same sentence that was imposed at the original sentencing, constitutes an abuse of discretion, the following analysis in our opinion in the previous appeal is instructive:
 {¶ 7} "Bailum also argues that the trial court's finding pursuant to R.C. 2929.14(E)(4)(b) that the harm caused by the multiple offenses was `great and unusual' was `flawed' and was inconsistent with its findings that the individual offenses had not been the worst form of the given offenses. Viewed as a whole, however, the trial court's reasoning is clear. The court found that the victim's age and the ten-year duration of the abuse had exacerbated the mental and emotional injury that she had suffered. The court also took into account Bailum's role as a father figure to the victim and the fact that he had used this role to facilitate getting time with the victim `where he could pretty much do what he wanted.' The court stated, `[T]he harm in this case * * * by the Defendant of this child for 10 of her 15 years of life, under any sense of proportion, just the plain use of common sense, that harm must be great and unusual. To suffer for 10 years of abuse by someone *Page 4 
who's placed in your household as your father figure, never being sure from one day to the other what was in store for you, what indignities you would have to suffer, the Court finds that consecutive sentences are appropriate * * * `Considering all of these factors, the trial court reasonably found that the harm caused was great and unusual and warranted the imposition of consecutive sentences." State v.Bailum, supra, ¶ 22.
 {¶ 8} To be sure, our reasoning quoted above was offered in the context of a review of the trial court's pre-Foster analysis required for the imposition of consecutive sentences. But our conclusion that the trial court reasonably found, based upon the length of time that the victim was subject to Bailum's whim, beginning when she was four or five years old, and her absolute subjugation to Bailum's sexual abuse, that consecutive sentences are appropriate, is equally applicable to a post-Foster, abuse-of-discretion review of the sentence imposed by the trial court.
 {¶ 9} We conclude that no abuse of discretion is demonstrated on this record. Bailum's sole assignment of error is overruled.
 III {¶ 10} Bailum's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 . . . .
BROGAN and DONOVAN, JJ., concur.
Copies mailed to:
Stephen Schumaker
Amy M. Smith
John J. Scaccia
 Hon. Richard J. O'Neill *Page 1