[Cite as *State v. Roebuck*, 2012-Ohio-1859.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

      Plaintiff-Appellee                    :            C.A. CASE NO.    24799

v.                                               :            T.C. NO.    11CR216/1

AARON D. ROEBUCK                                 :               (Criminal appeal from
                                                                Common Pleas Court)

      Defendant-Appellant                   :

                                                 :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the     27th     day of     April   , 2012.

· · · · · · · · · ·

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

CHRISTOPHER W. THOMPSON, Atty. Reg. No. 0055379, 130 W. Second Street, Suite 2050, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

AARON D. ROEBUCK, #648962, Madison Correctional Institute, P. O. Box 740, London, Ohio 43140
      Defendant-Appellant

· · · · · · · · · ·

DONOVAN, J.

{¶ 1} This matter is before the Court on defendant-appellant Aaron Roebuck's notice of appeal filed on August 31, 2011 in case number 2011 CR 0216. Roebuck is appealing his conviction of rape and kidnapping, and the ten year prison sentence he received.

{¶ 2} On February 4, 2011, Roebuck was indicted on one count of rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree; one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1), a felony of the fourth degee; one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree; and one count of kidnapping, in violation of R.C. 2905.01(A)(4), a felony of the first degree. Each count contained a firearm specification in violation of R.C. 2929.14 and 2929.145. On April 20, 2011, Roebuck pled guilty to one count of rape with a firearm specification, and one count of kidnapping with a firearm specification pursuant to a plea agreement which included a ten year prison term. On April 27, 2011, Roebuck was sentenced to seven years for rape and seven years for kidnapping, with both sentences to run concurrently. The gun specifications were merged, and Roebuck was sentenced to three year concurrent terms thereon, to run consecutively with his seven year sentence for an aggregate term of ten years in prison.

{¶ 3} Roebuck filed a motion to withdraw his guilty plea with the trial court on July 22, 2011, arguing that he had ineffective counsel. On August 31, 2011, before the trial court ruled on his motion to withdraw, Roebuck filed a motion for leave to file a delayed appeal. This court granted Roebuck's motion for delayed appeal on October 3, 2011. Roebuck's motion to withdraw his plea is still pending before the trial court. Accordingly, the only issues before this court concern Roebuck's direct appeal of his conviction.

**{¶ 4}** Roebuck's appointed appellate counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967), stating that he has determined that there is no merit to Roebuck's appeal. Appointed counsel, however, has identified four possible assignments of error. Roebuck was notified of his counsel's representations and that he could file a pro se brief identifying assignments of error. He was also notified that if he did not submit a brief, his appeal would be deemed submitted on the merits. No pro se brief has been received. This matter is now before the court for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed.2d 300 (1988).

**{¶ 5}** Roebuck's counsel submits the first possible assignment of error as: "Whether Appellant voluntarily, knowingly, and intelligently entered his guilty plea?"

**{¶ 6}** If a defendant's plea is not knowing or voluntary, it is a violation of due process and thus void. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969). In order for a plea to be knowing and voluntary, the trial court must follow the requirements in Criminal Rule 11(C). *State v. McGrady*, 2d Dist. Greene No. 2009 CA 60, 2010-Ohio-3243, _ 11.

**{¶ 7}** When conducting Roebuck's plea hearing, the trial court strictly complied with the mandates in Crim.R. 11. Roebuck was informed, and understood, that by entering a guilty plea he was waiving his right to a jury trial, his right to confront witnesses, his right to compulsory process of witnesses on his behalf, and his right to require the state to prove that he was guilty beyond a reasonable doubt. Roebuck was also informed of and understood the charges he was pleading guilty to, as well as the maximum penalties

associated with each charge. He was also informed of, and understood, the fact that he was not eligible for community control sanctions. Accordingly, appellate counsel's first potential assignment of error lacks arguable merit.

{¶ 8} Counsel identifies the second possible assignment of error as "Whether the trial court abused its discretion in sentencing Appellant to a ten year prison [sic]?"

{¶ 9} We review a felony sentence using a two-step procedure. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, _ 4. First, we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* If this step is satisfied, the trial court's sentencing must then be reviewed on an abuse of discretion standard. *Id.* Generally, abuse of discretion occurs when a decision is grossly unreasonable, unsound, illegal, or unsupported by the evidence. *State v. Money*, 2d Dist. Clark No. 2009 CA 119, 2010-Ohio-6225, _ 13. "Ordinarily, a trial court does not abuse its discretion when it imposes a sentence within the range permitted by the applicable statute." *State v. Bailum*, 2d Dist. Clark No. 2007 CA 55, 2008-Ohio-2999, _ 5.

{¶ 10} Roebuck received the agreed upon sentence pursuant to his plea agreement with the prosecutor. Roebuck agreed to a sentence of ten years as part of his negotiated plea agreement. As we recently noted in *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635, agreed sentences are not reviewable on appeal. R.C. 2953.08(D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." The trial court considered

the purposes and principles of sentencing when making its judgment, and the sentence imposed was within the statutory range. Roebuck's sentence was not clearly and convincingly contrary to law, or an abuse of discretion. Accordingly, counsel's second potential assignment of error lacks arguable merit.

{¶ 11} Counsel submits the third potential assignment of error as: "Whether Appellant's counsel was ineffective?"

{¶ 12} "We review the alleged instances of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, * * *. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted) *State v. Mitchell*, 2d Dist. Montgomery No. 21957, 2008-Ohio-493, _ 31.

{¶ 13} Entry of a voluntary guilty plea waives the right to raise ineffective assistance of counsel claims, except to the extent that ineffective assistance caused the guilty plea to be less than knowing or voluntary. *State v. Kidd*, 2d Dist. Clark No. 03CA43,

2004-Ohio-6784, _ 16.

{¶ 14}   The record is devoid of any evidence suggesting that Roebuck entered a less than knowing or voluntary plea.   If facts outside of the record show that Roebuck's plea was not knowingly or voluntarily entered into, and that his attorney's actions caused such an unknowing or involuntary plea, Roebuck can pursue remedies through a petition for post-conviction relief pursuant to R.C. 2953.21.   However, the evidence in the record indicates  that Roebuck's plea was knowing and voluntary.   Accordingly, counsel's third potential assignment of error lacks arguable merit.

{¶ 15}   Counsel submits the fourth and final potential assignment of error as: "Whether the Trial Court erred in 'denying' Appellant's Motion to Withdraw his Guilty Plea?"

{¶ 16}   Roebuck's motion to withdraw his guilty plea is not properly before this court.   When Roebuck's motion for leave to file a delayed appeal was granted, the trial court lost jurisdiction to rule on his motion to withdraw his guilty plea pursuant to *State ex. rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978).   Accordingly, appellate counsel's fourth potential assignment of error lacks arguable merit.

{¶ 17}   In addition to reviewing the possible issues for appeal raised by Roebuck's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit.   Accordingly, Roebuck's appeal is without merit and the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Carley J. Ingram
Christopher W. Thompson
Aaron D. Roebuck
Hon. Barbara P. Gorman