[Cite as *State v. Bledsoe*, 2012-Ohio-3277.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                    :          C.A. CASE NO.    24840

v.                                               :          T.C. NO.    11CR1010

JOSHUA D. BLEDSOE                                :          (Criminal appeal from
                                                            Common Pleas Court)

    Defendant-Appellant                   :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____20th____ day of ____July____, 2012.

. . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

LORI R. CICERO, Atty. Reg. No. 0079508, 500 East Fifth Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** This matter is before the Court on the Notice of Appeal of Joshua Bledsoe,

filed October 6, 2011. Bledsoe appeals from a concurrent sentence of 15 months following pleas of guilty to two counts of nonsupport of dependents, in violation of R.C. 2919.21(B), both felonies of the fourth degree. In exchange for his pleas, two additional counts in the indictment were dismissed. Bledsoe further agreed to pay restitution on all four counts.

{¶ 2} At his August 26, 2011 plea hearing, the trial court made clear that, while the State agreed to dismiss two of the four counts against Bledsoe, there was no agreement regarding sentencing. The court correctly advised Bledsoe that he was subject to a maximum sentence of 18 months on each count, for a possible aggregate term of three years.

{¶ 3} Bledsoe was sentenced on September 27, 2011. Prior to imposing sentence, Bledsoe spoke, stating that he had been in a motorcycle accident and as a result, he was released from his employment. He further stated that he resumed work in May and promptly notified the Child Support Enforcement Agency, but that the Agency did not begin deducting child support payments until August.

{¶ 4} The court referred to the pre-sentence investigation report and the following exchange occurred:

THE COURT: Sir, you previously had the opportunity in non-support court. You were not successful in any respect. You were revoked in that case for your, quite frankly, utter non-compliance with your supervision.

In addition, sir, you indicate that you were in a motorcycle accident in

2008.[1]  This indictment was in 2011.

In addition, sir, the pre-sentence investigation, and I will read you a quote:

"Mr. Bledsoe admitted that these injuries did not keep him from being employed."

In addition, sir, it's my understanding that you made no voluntary payments on your child support between the time you became employed in May and now.  You waited until it came out of your paycheck.  Right?

There's nothing that demonstrates you made any payments whatsoever.

THE DEFENDANT: No, ma'am. * * * I thought they was already takin' it out, because usually when I reported it, they started takin' it out immediately.

THE COURT: * * * Well, and you would have been able to tell from your check, sir, that it wasn't coming out.

THE DEFENDANT: I didn't get a check for a month.

* * *

THE COURT:   - - Mr. Bledsoe, it's always an excuse. * * *

* * *

THE COURT:   - - a reason why you don't support these two children.

---

[1]The pre-sentence investigation report indicates that Bledsoe was in a motorcycle accident in 2006.

Sir, you were found in contempt - - let's see. October the 20th, 2010 you were found in contempt for failing to pay child support. * * * - - by the juvenile court. Yet, it continues.

Sir, on each count, after considering the purposes and principles of sentencing and the seriousness and recidivism factors and especially the fact that you had previously had an opportunity at non-support court and despite those opportunities, despite being sentenced, the conduct continued on each count, I'm going to sentence you to fifteen months at the Corrections Reception Center. That will be served concurrently.

{¶ 5} Bledsoe asserts one assignment of error as follows:

"MR. BLEDSOE'S FIFTEEN MONTH PRISON SENTENCE IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND AN ABUSE OF THE TRIAL COURT'S DISCRETION."

{¶ 6} According to Bledsoe, his sentence is contrary to the principles of felony sentencing in R.C. 2929.11 and 2929.12, and it is "excessive under traditional concepts of justice and disproportionate to the crime."

{¶ 7} As this Court has previously noted:

We review a felony sentence using a two-step procedure. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, [¶ 4]. First, we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id*. If this step is satisfied, the

trial court's sentencing must then be reviewed on an abuse of discretion standard. *Id*. Generally, abuse of discretion occurs when a decision is grossly unreasonable, unsound, illegal, or unsupported by the evidence. *State v. Money*, 2d Dist. Clark No. 2009 CA 119, 2010-Ohio-6225, [¶13]. "Ordinarily, a trial court does not abuse its discretion when it imposes a sentence within the range permitted by the applicable statute." *State v. Bailum*, 2d Dist. Clark No. 2007 CA 55, 2008-Ohio-2999, [¶5]. *State v. Roebuck*, 2d Dist. Montgomery No. 24799, 2012-Ohio-1859, ¶ 9.

**{¶ 8}** We note that Bledsoe did not argue below that his sentence is disproportionate to sentences imposed in similar circumstances, and he does not argue that his sentence exceeds the statutory range. Pursuant to R.C. 2929.14(A)(4), as the trial court indicated, it could have sentenced Bledsoe to a term of 18 months on each count, for a total aggregate term of three years, and his sentence is accordingly not contrary to law.

**{¶ 9}** R.C. 2929.12 sets forth statutory factors to consider in felony sentencing. R.C. 2929.12(A) provides:

* * * a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and,

in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶ 10} As noted above, while the State agreed to drop the additional felonies, there was no agreement between the parties regarding sentencing. Bledsoe's pre-sentence investigation report indicates that Bledsoe was found to be in contempt of court for failure to pay child support in 2001, and twice in 2002. He was indicted on four counts of nonsupport of dependents in 2003, found guilty on two counts, and sentenced to community control. In 2007, he was sentenced to 12 months for failing to comply with the conditions of community control. In 2010, Bledsoe was found to be in contempt for failure to pay child support, and his 30 day sentence was suspended on the condition that he make payments as ordered for six months. The pre-sentence investigation report further provides that Bledsoe has an adult misdemeanor record as well.

{¶ 11} The trial court indicated that it considered the purposes and principles of sentencing, and given Bledsoe's lengthy history of failing to support his children, prior imprisonment and misdemeanor record, we conclude that the trial court did not abuse its discretion in sentencing Bledsoe to 15 months.

{¶ 12} Bledsoe's sole assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

**[Cite as *State v. Bledsoe*, 2012-Ohio-3277.]**
Copies mailed to:

Johnna M. Shia
Lori R. Cicero
Hon. Mary Katherine Huffman