[Cite as *State v. Coffman*, 2021-Ohio-1601.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-45 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-739 |
| | : | |
| JERRY W. COFFMAN, III | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of May, 2021.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

L. PATRICK MULLIGAN, Atty. Reg. No. 0016118, 28 North Wilkinson Street, Dayton, Ohio 45401
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Jerry W. Coffman, III, pled guilty to one count of rape (under 13) and two counts of sexual battery. He was sentenced to 13 years in prison and designated a Tier III sex offender. Coffman appeals from his convictions, alleging that his pleas were not made in a knowing, voluntary, and intelligent manner because his counsel was ineffective. For the reasons that follow, the trial court's judgment will be affirmed.

## I.     Facts and Procedural History

{¶ 2} In February 2020, Coffman was charged in Clark C.P. No. 2020-CR-126 with a single count of rape of a person less than 13 years old, a felony of the first degree, three counts of unlawful sexual conduct with a minor, felonies of the third degree, and five counts of sexual battery, felonies of the third degree.

{¶ 3} After months of negotiating, and only days before trial was set to start, the parties reached a plea agreement in Clark C.P. No. 2020-CR-739: Coffman would plead guilty by way of bill of information to one count of rape and two counts of sexual battery, and in exchange, the State agreed to dismiss Case No. 2020-CR-126. The parties also agreed that Coffman would spend 13 years in prison and be designated a Tier III sex offender.

{¶ 4} On November 12, 2020, the same day as the bill of information was filed, Coffman appeared in court for his plea hearing. He was represented by counsel, had a full Crim.R. 11 colloquy, and was found by the court to have entered his guilty plea knowingly, intelligently, and voluntarily.

{¶ 5} Immediately after accepting Coffman's pleas, the trial court proceeded to disposition. In accordance with the agreed 13-year sentence, the court sentenced

Coffman to 10 years in prison on Count 1 – rape; three years on Count 2 – sexual battery; and three years on Count 3 – sexual battery. The court ordered that Count 1 run consecutively to Counts 2 and 3, which were to run concurrently with each other. Further, and also in accordance with the plea agreement, Coffman was informed that he would be designated as a Tier III sex offender, requiring that, upon his release, he register with the county sheriff of his residence every 90 days for the rest of his life.

{¶ 6} Coffman appeals from his convictions, raising three assignments of error. We will address them in an order that facilitates our analysis.

**II.     Coffman's plea was made knowingly, intelligently, and voluntarily**

{¶ 7} To better effectuate this opinion, we will begin by addressing Coffman's second assignment of error. In it, Coffman claims that his plea cannot stand because it was not knowing, intelligent or voluntary.

{¶ 8} "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13. The Ohio Supreme Court has urged courts to comply literally with Crim.R. 11. The focus, when reviewing the plea colloquy, should be on whether "the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 12.

{¶ 9} The trial court is required to do several things at a plea hearing according to Crim.R. 11(C)(2). It must personally address the defendant and (a) determine that the defendant is voluntarily making the plea with an understanding of the nature of the charges and the maximum penalty, and, if applicable, eligibility for probation and

community control sanctions; (b) inform the defendant of, and determine that he or she understands the effect of the plea, and that the court may proceed with judgment and disposition; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving important constitutional rights including the right to a jury trial, the right to confront witnesses against him or her, compulsory process, that the State must prove guilt beyond a reasonable doubt, and that at trial, he or she has the privilege against self-incrimination. *State v. Merrick*, 2d Dist. Greene No. 2019-CA-29, 2020-Ohio-3744, ¶ 44.

{¶ 10} The trial court must strictly comply with Crim.R. 11 when it comes to constitutional rights. *Id.* at ¶ 46. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly." *Dangler* at ¶ 14. On the other hand, substantial compliance is required when waiving non-constitutional rights. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 11} At the outset of the plea hearing, the trial court stressed to Coffman that if at any time he needed to ask his attorney a question, he was encouraged to do so, and the court would stop and allow him all the time he needed to get the answer. Further, the court stated that it would be happy to answer any questions Coffman might have.

{¶ 12} The court then asked Coffman if he was under the influence of drugs or alcohol, to which he responded, "No, sir." The court inquired if he and counsel had discussed the nature of the charges in the bill of information; again, Coffman answered

in the affirmative. When asked if he understood what the offenses accused him of doing, Coffman answered, "Yes, sir." Relatedly, Coffman admitted that he was aware of the facts behind the charges because they were included in his discovery packet.

{¶ 13} The next set of questions directed to Coffman from the court were about the performance of his attorney. Coffman admitted that he had discussed possible legal defenses with his attorney, that he told his attorney everything the attorney needed to know to properly represent him, and that the attorney had answered all his questions. When asked if he was satisfied with the legal advice he had been given, Coffman answered: "Very much so."

{¶ 14} Next, the court inquired about the timing of the plea. It reminded Coffman that he had the opportunity to resolve the case at trial scheduled for the following Monday. When asked if he specifically had chosen to not pursue the trial option, Coffman stated, "Yes, sir."

{¶ 15} The trial court then asked if anyone had caused Coffman to feel rushed in coming to his decision to plead guilty or if anyone had left him with the impression he had no choice but to plead guilty. Specifically, Coffman was asked if he had had enough time to consider the pros and cons of pleading guilty. He responded, "Yes, sir." When asked by the court if he was being rushed, "No, sir," was his reply.

{¶ 16} The court summed up what it had heard thus far: "From what you've told me can the record reflect that your decision to go forward today is a decision you are making on your own; it is a free choice; * * * you're doing it voluntarily without any improper influence or duress from any person or any source?" Coffman confirmed, "Yes, sir."

{¶ 17} The constitutional rights were discussed next. The trial court explained that

Coffman would be giving up the right to a speedy and public jury trial, compulsory process, and confrontation of adverse witnesses. It also noted that he would be giving up the right to make the State prove every element of the crime beyond a reasonable doubt and the right not to be compelled to be a witness against himself. "Now, these are the Constitutional rights you give up when you enter a guilty plea. Do you understand what these rights mean?" "Yes, sir," Coffman affirmed.

{¶ 18} After the constitutional rights were discussed, Coffman confirmed that he was willing to waive them to plead guilty.

{¶ 19} The plea form was then examined on the record, with the trial court reading the details of the agreement, including that Coffman would be pleading guilty to one count of rape and two counts of sexual battery. Coffman agreed that he had discussed the document with his attorney, understood it, and then signed it.

{¶ 20} The court then discussed the maximum penalties that Coffman faced and that he would be classified as a Tier III sex offender. Coffman stated that he understood. The agreed 13-year sentence was also discussed.

{¶ 21} The next point of discussion in the colloquy was the sentence and what would happen after Coffman was released. The court informed him about post-release control, the consequences of violating it, and his duties to register as sex offender. Once again, Coffman confirmed that he understood.

{¶ 22} Finally, after the court had explained everything, it asked Coffman how he wished to plead. "Guilty" was the response.

{¶ 23} Our review of the plea hearing demonstrates that the trial court meticulously followed the requirements of Crim.R. 11(C). Coffman was advised of the constitutional

rights he was waiving by pleading guilty, as well as the other non-constitutional matters. He indicated repeatedly that he understood the issues being explained to him by the court, that he had no concerns, and that his counsel did a good job. The record before us demonstrates that Coffman's plea was entered in a knowing, intelligent, and voluntary manner. Accordingly, Coffman's second assignment of error is overruled.

### III. Ineffective assistance of counsel

{¶ 24} Coffman argues in his first and third assignments of error that his right to counsel was violated, and specifically, that he received ineffective assistance of counsel because he was rushed into his guilty plea.

{¶ 25} The Sixth Amendment to the United States Constitution gives defendants the right to counsel in federal prosecutions. That right was extended to state prosecutions for felonies in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Similarly, the Ohio Constitution guarantees that "[i]n any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel." Ohio Constitution, Article I, Section 10. The Sixth Amendment right to counsel is also the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 26} "In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show both deficient performance and resulting prejudice." *State v. Arnold*, 2d Dist. Clark Nos. 2014-CA-23, 2014-CA-24, 2014-CA-25, 2014-CA-26, 2015-Ohio-1580, ¶ 7, citing *Strickland*, paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that his conduct falls within a wide range of effective assistance. *Id*. To demonstrate ineffective

assistance, a defendant must show that counsel's performance fell beneath an object standard of reasonableness, and that the error was so serious that it created a reasonable probability that, without it, the result of the trial would have been different. *Id.*

{¶ 27} "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). Consequently, a guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *State v. Roebuck*, 2d Dist. Montgomery No. 24799, 2012-Ohio-1859, ¶ 13. "Only if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have instead insisted on going to trial will the judgment be reversed." (Citations omitted.) *State v. Huddleson*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9.

{¶ 28} We have already determined that Coffman's plea was voluntary, so to be successful on his ineffective assistance of counsel claim, he must demonstrate that but for the errors of trial counsel, he would have taken the case to trial. To do this, he avers that he was rushed into making his decision whether to plead guilty. Coffman contends that he "did not have time to consult with his attorneys about what was happening * * * and he had not spoken about a plea bargain because he told his attorneys he wanted to go to trial." This claim, however, is belied by the record.

{¶ 29} During his plea colloquy, Coffman made several admissions to the court

that contradict his current claim. Coffman specifically stated that he did not feel rushed in coming to his decision to plead guilty and said no one left him with the impression that he had no other choice. He further stated that he had had time to consider the pros and cons of pleading guilty in this case and that he had gone over his plea agreement with his attorney, with whom, Coffman stated, he was "very satisfied." There is nothing in the record to suggest that he would have gone to trial but for his attorney's actions related to the plea bargaining. In fact, the opposite is the case. At the plea hearing, the court reminded Coffman that he had the opportunity to resolve the case at trial, which at that time was just a few days away. Coffman specifically rejected that idea and instead stated that he wanted to plead guilty.

{¶ 30} In arguing that he was rushed into making his decision whether to plead guilty and that he told his attorney that he wanted to go to trial, Coffman relies on evidence outside the record. We have held that matters outside the record that allegedly caused a plea to be less than knowing and voluntary, such as ineffective assistance provided by a defendant's trial counsel, are more properly raised in a petition for post-conviction relief, pursuant to R.C. 2953.21. *State v. Dixon*, 2d Dist. Clark No. 2017-CA-80, 2019-Ohio-1385, ¶ 10, quoting *State v. Nawman*, 2d Dist. Clark No. 2016-CA-43, 2016-Ohio-7344, ¶ 15. *Accord State v. Hampton*, 4th Dist. Lawrence No. 15CA1, 2015-Ohio-4147, ¶ 28 (post-conviction relief is the proper vehicle to raise ineffective assistance of counsel claims based on evidence outside the record); *State v. Day*, 2019-Ohio-4816, N.E.3d 122, ¶ 29 (4th Dist.) (relying on evidence that is outside the record to support an ineffective assistance of counsel claim is more suitable for a post-conviction claim than a direct appeal). However, we take no position on the merits of a potential post-conviction claim.

{¶ 31} Because there is no evidence in the record that Coffman's trial counsel was ineffective, the first and third assignments of error are overruled.

## IV.   Conclusion

{¶ 32} Having overruled all of Coffman's assignments of error, the trial court's judgment will be affirmed.

. . . . . . . . . . . .


DONOVAN, J. and HALL, J., concur.


Copies sent to:

Marcy A. Vonderwell
L. Patrick Mulligan
Successor of Hon. Stephen Wolaver