[Cite as *State v. Rogan*, 2025-Ohio-2468.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2024-CA-29 |
| | : | |
| v. | : | Trial Court Case No. 2024 CR 123 |
| | : | |
| HERSHEL EARL ROGAN, III | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY & OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 11, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

Epley, P.J.; Tucker, J.; and Hanseman, J., concur.


For the court,


[[Applied Signature]]
CHRISTOPHER B. EPLEY, PRESIDING JUDGE

**OPINION**
CHAMPAIGN C.A. No. 2024-CA-29

ROBERT ALAN BRENNER, Attorney for Appellant
JANE A. NAPIER, Attorney for Appellee

EPLEY, P.J.

{¶ 1} Hershel Earl Rogan III pled guilty in the Champaign County Court of Common Pleas to one count of possession of cocaine, a fifth-degree felony, and one count of aggravated trafficking in drugs, a third-degree felony. The court imposed an aggregate agreed prison sentence of 36 months. Rogan appeals from his conviction, claiming that his trial attorney rendered ineffective assistance by telling him that he would be released from prison in 18 months if he accepted the plea agreement. For the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On August 29, 2024, Urbana police responded to a disturbance between Rogan and a female acquaintance. Rogan revealed to the officers that he had a BB gun that looked like a firearm. The officers also discovered that he had a drug pipe underneath his arm hidden in a towel. When the drug pipe was found, Rogan fled on foot and dropped some methamphetamine. After he was apprehended, several drug-related items were found on him. The woman told police officers that she was engaged in drug trafficking with Rogan; information extracted from Rogan's phone corroborated that he was involved in drug trafficking. Rogan had previously been involved in drug trafficking and had served four prior prison sentences.

{¶ 3} On September 4, 2024, Rogan was indicted on two counts of possession of

cocaine, two counts of aggravated possession of drugs, one count of aggravated trafficking in drugs, and one count of tampering with evidence. Rogan initially pled not guilty to the charges.

{¶ 4} Approximately five weeks later, Rogan pled guilty to one count of possession of cocaine (Count 1) and aggravated trafficking in drugs (Count 5). In exchange for the pleas, the State agreed to dismiss the remaining four counts. The plea agreement further provided that the parties would waive a presentence investigation, that they would jointly recommend a sentence of 36 months in prison, that Rogan would pay any court costs and court-appointed counsel fees, and that four items of property listed on State's Exhibit 1 would be returned to Rogan or his representative and the rest would be forfeited.

{¶ 5} The trial court accepted Rogan's guilty plea and proceeded immediately to sentencing. It imposed 12 months in prison on Count 1 and a mandatory prison term of 36 months on Count 5, to be served concurrently. The court ordered Rogan to pay concurrent fines of $250 (Count 1) and $500 (Count 5), for a total of $500, plus court costs. The property listed on State's Exhibit 1 was forfeited. A written judgment of conviction was filed the following day.

{¶ 6} Rogan did not timely appeal, but we have permitted him to pursue a delayed appeal. He raises one assignment of error.

## II. Ineffective Assistance of Counsel

{¶ 7} In his assignment of error, Rogan claims that his trial counsel rendered ineffective assistance by telling him that he would receive 18 months in prison if he pled guilty.

{¶ 8} To establish ineffective assistance of counsel, a defendant must demonstrate both that (1) trial counsel's conduct was deficient, and (2) trial counsel's deficient

performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Lloyd*, 2022-Ohio-4259, ¶ 15. The "benchmark" for determining ineffectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Lloyd* at ¶ 15, quoting *Strickland* at 686.

{¶ 9} Trial counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland* at 687; *Lloyd* at ¶ 16. The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* at 687; *State v. Dennis*, 2022-Ohio-2888, ¶ 37 (2d Dist.). Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525 (1992); *State v. Fields*, 2017-Ohio-400, ¶ 38 (2d Dist.). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 689.

{¶ 10} The second prong requires a showing that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different. *Strickland* at 694; *Lloyd* at ¶ 18. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 11} Rogan's conviction was based on his guilty plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Spates*, 64 Ohio St.3d 269, 272 (1992); *State v. Coffman*, 2021-Ohio-1601, ¶ 27 (2d Dist.).

Consequently, a guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *Coffman* at ¶ 27; *State v. Riddle*, 2017-Ohio-1199, ¶ 26 (2d Dist.). "Only if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have instead insisted on going to trial will the judgment be reversed." (Citations omitted.) *State v. Huddleson*, 2005-Ohio-4029, ¶ 9 (2d Dist.).

{¶ 12} The transcript of the plea hearing reflects that Rogan understood that he had agreed to a sentence of 36 months in prison. When the trial court asked Rogan if he had agreed to the joint sentencing recommendation of 36 months in prison, Rogan initially responded that he had agreed to "up to 36 months imposed." The court replied that the paperwork said 36 months, not up to 36 months, and it asked Rogan again if he agreed to 36 months. Rogan answered affirmatively. Later during the plea hearing, Rogan stated that no promises had been made to him and no promises to recommend something on his behalf had been made to induce his plea.

{¶ 13} Rogan asserts that his trial counsel told him that he would be released from prison in 18 months if he accepted the plea deal. However, the record does not include Rogan's private conversations with his defense counsel, and there is nothing in the record to substantiate Rogan's assertion. A claim of ineffective assistance of counsel cannot be raised on direct appeal if it relies on evidence outside the record. *E.g., State v. Stanford*, 2023-Ohio-1515, ¶ 36 (2d Dist.); *State v. Merrick*, 2020-Ohio-3744, ¶ 34 (2d Dist.). Because Rogan's claim necessarily requires evidence outside the record, it is not properly before us.

{¶ 14} Rogan's sole assignment of error is overruled.

## III. Conclusion

{¶ 15} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HANSEMAN, J., concur.