OPINION
{¶ 1} Defendant, Michael Buck, appeals from his conviction for possession of cocaine, R.C. 2911.25(A), and the sentence imposed on his conviction pursuant to law, which were entered on Buck's plea of no contest after the trial court denied Buck's Crim.R. 12(C) motion to suppress evidence.
 {¶ 2} On appeal, Buck argues that a search of his person that produced the cocaine was illegal, that his attorney provided ineffective assistance, and that one of the trial court's findings of fact on which it denied his motion to suppress were incorrect. The State concedes that the trial court's finding was mistaken in the respect alleged. We agree, but also find that the error was harmless in relation to the issues of law presented, and that on those issues no reversible error is shown. Therefore, we will affirm.
 {¶ 3} The evidence presented at the hearing on Buck's motion to suppress shows that Buck was a passenger in a vehicle that was stopped for a speeding violation by Clayton Police Officer Brandon Combs. Officer Combs testified that when he approached the open window of the passenger side of the vehicle, where Buck was seated, he could smell the odor of marijuana coming from inside. That, plus furtive movements Buck had made when the vehicle was stopped and his nervous manner caused Officer Combs to order Buck out of the vehicle. The officer testified that, in his experience, persons in that situation who exhibit nervous reactions are sometimes engaged in other criminal activity or have outstanding arrest warrants.
 {¶ 4} Officer Combs testified that he asked to perform a weapons pat-down of Buck's person, and Buck replied "that was fine." (T. 8). Officer Combs testified that the pat-down revealed a "fairly large mass" in Buck's right pants pocket and "another mass in the left pocket." (T. 8). When Buck explained that the object in his right pocket was keys, Officer Combs asked Buck to remove them and he did.
 {¶ 5} Officer Combs testified that he next asked Buck if he had anything else on him. Buck reached into his left pants pocket and began manipulating the mass inside. Officer Combs testified that because Buck "was taking entirely too long to retrieve whatever was in his pocket . . . I went ahead and asked him to remove his hand. He continued the movement. Once again I asked him to remove his hand(,) at which time he produced a baggie of marijuana and handed it to me." (T. 8-9).
 {¶ 6} Officer Combs testified that he then patted-down the area outside Buck's left pants pocket a second time and could feel another unknown object inside. While Officer Combs didn't believe the object was a weapon, he nevertheless put his hand into Buck's left pocket and removed two small baggies of cocaine. (T. 9). He then placed Buck under arrest. (T. 16).
 {¶ 7} On the evidence presented, the trial court overruled Buck's motion to suppress, finding that the stop of the vehicle and Buck's detention were proper, that the weapons pat-down was justified, and that Buck's production of the marijuana created probable cause for his arrest that justified Officer Combs' search incident to that arrest which yielded the cocaine. (Dkt. 16). Buck changed his plea from not guilty to no contest. He was convicted on his plea and sentenced to community control sanctions. Buck filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION BY RENDERING FINDINGS OF FACT THAT ARE NOT SUPPORTED BY EVIDENCE IN THE RECORD."
 {¶ 9} The State concedes to Buck's contention, which is that the trial court misconstrued the evidence when in its written findings of fact on Buck's motion to suppress the court found that the cocaine was in Buck's left pants pocket, not his rights pants pocket. (Dkt 16, p. 2). We are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Retherford (1994),93 Ohio App.3d 586. Obviously, the trial court's finding lacks that support. However, as our discussion of the second and third assignments of error demonstrate, the trial court's error was harmless.
 {¶ 10} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 11} "APPELLANT'S FOURTH AMENDMENT RIGHTS WERE VIOLATED WHEN OFFICER COMBS SUBJECTED HIM TO A PAT DOWN SEARCH FOR WEAPONS WITHOUT HAVING REASONABLE CAUSE TO BELIEVE THAT HE WAS ARMED AND DANGEROUS."
THIRD ASSIGNMENT OF ERROR
 {¶ 12} "APPELLANT'S FOURTH AMENDMENT RIGHTS WERE VIOLATED WHEN OFFICER COMBS SUBJECTED HIM TO A PROTECTIVE SEARCH WHICH EXCEEDED THE SCOPE NECESSARY TO DETERMINE IF HE WAS ARMED."
 {¶ 13} The traffic violation the officer observed presented sufficient probable cause to stop the vehicle. Dayton v.Erickson, 76 Ohio St.3d 3, 1996-Ohio-431. Having done that, the officer could order the driver and passenger from the vehicle pending completion of the stop. Pennsylvania v. Mimms (1997),434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331. However, a Mimms
order, standing alone, doesn't justify a weapons pat-down. Statev. Evans, 67 Ohio St.3d 405, 1993-Ohio-186. For that, there must be a reasonable and articulable suspicion that the suspect is armed and dangerous. Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889. Further, the scope of that search "must be limited to that which is necessary for the discovery of weapons,"Terry, 392 U.S., at 26, and cannot be used to discover contraband.
 {¶ 14} The foregoing principles operate as exceptions to the Fourth Amendment's warrant requirement, when the search or seizure is conducted without the authority conferred by a prior judicial warrant. In the present case, the trial court reasoned that Buck's furtive movements and the odor of marijuana coming from inside the vehicle justified Officer Combs's action in removing Buck from the vehicle and obtaining permission from Buck to search him for weapons. Buck argues that these facts fail to satisfy the Terry standard. However, we need not reach that issue because of the consent Buck gave to perform the pat-down search.
 {¶ 15} Consent is not an exception to the warrant requirement, but a decision by a citizen to not assert his Fourth Amendment rights. At issue are: (1) the voluntariness of the consent, (2) whether the consent given placed limitations on the search, and (3) who is authorized to consent. Katz, Ohio Arrest, Search and Seizure (2002 Ed.), at § 18.1. It is the State's burden to show that the consent was freely and voluntarily given.Bumper v. North Carolina (1968), 391 U.S. 543, 88 S.Ct. 1788,20 L.Ed.2d 797. Whether a consent to a search is voluntary or the product of duress or coercion is a question of fact to be determined from the totality of the circumstances. Schnecklothv. Bustamonte (1973), 412 U.S. 218, 93 S.Ct. 2041,36 L.Ed.2d 854.
 {¶ 16} Officer Combs testified that after he removed Buck from the vehicle, "I requested a pat down on him. He said that was fine, (and I) went ahead and conducted the pat down." (T. 8). There is no suggestion of coercion. Buck was then detained, but because his detention was lawful his voluntary consent waives any claim of illegality in the pat-down search. State v. Bailor
(Feb. 17, 1995), Montgomery App. No. 14696.
 {¶ 17} Officer Combs testified that after Buck had removed his keys from his right pants pocket, at the officer's request, he asked Buck if he had anything else on him. Buck reached inside his left pants pocket and began manipulating whatever was inside. Officer Combs testified that after he twice directed Buck to remove his hand from his right pants pocket, Buck removed his hand along with a bag of marijuana he held in his hand and handed the bag to Officer Combs.
 {¶ 18} The marijuana that Buck removed from his pocket presented probable cause to arrest him for a drug offense. Another pat-down of the exterior of Buck's left pants pocket revealed that an article remained inside. The officer's further search of the pocket that produced the cocaine, which was the subject of Buck's motion to suppress, was justified as a search incident to his arrest. Draper v. United States (1959),358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. That justification applies even though Officer Combs had not yet formally arrested Buck.State v. Tillman (Sept. 30, 1993), Montgomery App. Mo. 14060.
 {¶ 19} Of course, this rationale applies only if Buck's conduct in producing the marijuana as he did was voluntary and not coerced. If it was the product of coercion, the causal connection between his production of the marijuana and the cocaine found in Buck's pocket in a search incident to his arrest for possession of the marijuana would cause the search that yielded the cocaine to likewise be tainted, requiring suppression of the cocaine. Silverthorne Lumber Co. V. United States
(1920), 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319.
 {¶ 20} Officer Combs had requested Buck to remove the object from his right pocket, which turned out to be keys. However, with respect to his left pocket into which Buck then put his hand, all that Officer Combs directed Buck to do was to remove his hand
from his pocket. Buck did more than that, however. He removed the bag of marijuana he had inside the pocket. That was beyond the scope of the direction he'd been given, which under the circumstances was reasonable and did not extend to whatever was inside the pocket. Buck's removal of the marijuana was therefore a voluntary act on his part, and his act amounts to a waiver of his Fourth Amendment right.
 {¶ 21} The second and third assignments of error are overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 22} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL TO HIS PREJUDICE AND IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS, AS WELL AS HIS RIGHTS UNDER SECTION 10, ARTICLEI OF THE OHIO CONSTITUTION."
 {¶ 23} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors the result of the trial would have been different. Id., State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 24} Buck argues that his trial counsel was ineffective for failing to subpoena the driver of the vehicle in which Buck was riding, William Weinstiger, to testify at the suppression hearing. Buck has attached to his appellate brief an affidavit of Weinstiger that contradicts certain parts of Officer Combs' testimony.
 {¶ 25} Our review of the error assigned on direct appeal of a criminal conviction is limited to the record that was before the trial court. Weinstiger's affidavit was not a part of that record. Therefore, we may not consider it. Even were we to consider it, however, we could not find in Buck's favor on the error he assigns. Buck's plea of no contest waives any prejudice he suffered as a result of the ineffective assistance alleged, except to the extent that it impaired the knowing and voluntary nature of his no contest plea. State v. Barnett (1991),73 Ohio App.3d 244. Buck does not argue that it did.
 {¶ 26} The fourth assignment of error is overruled. The judgment of the trial court will be affirmed.
Fain, J. And Donovan, J., concur.