[Cite as *State v. Jenkins*, 2019-Ohio-2249.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-85 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-231B |
| | : | |
| JEFFERY A. JENKINS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of June, 2019.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County
Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

BRYAN K. PENICK, Atty. Reg. No. 0071489, 1900 Kettering Tower, 40 North Main Street,
Dayton, Ohio 45423
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant, Jeffery A. Jenkins, was sentenced to an eight-year prison term after entering a guilty plea to burglary, a second degree felony. We cannot conclude by clear and convincing evidence that Jenkins's eight-year prison sentence was not supported by the record or was otherwise contrary to law. Jenkins, by entering a guilty plea, waived his right to assert on appeal a speedy trial violation. Finally, Jenkins, on this record, cannot establish that trial counsel provided ineffective assistance of counsel based upon a failure to assert a speedy trial violation. The judgment of the Clark County Common Pleas Court will be affirmed.

## Facts

{¶ 2} Jenkins pleaded guilty to one count of burglary, a second degree felony. In exchange for the guilty plea, the State of Ohio dismissed a second burglary count, also a felony of the second degree. Additionally, the State dismissed a separate indictment (Case No. 2017-CR-0280(A)) charging Jenkins with a burglary, a felony of the third degree. The parties also agreed that Jenkins would be responsible for restitution on all counts and that a presentence investigation (PSI) would be conducted before the trial court conducted the sentencing hearing. At the conclusion of the sentencing hearing, the trial court sentenced Jenkins to an eight-year prison term. This appeal followed.

## Assignments of Error

{¶ 3} Jenkins asserts three assignments of error as follows:

THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT

TO A MAXIMUM PRISON TERM.

APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL.

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ASSERT HIS SPEEDY TRIAL RIGHT.

### The Sentence

{¶ 4} A "trial court has full discretion to impose any sentence within the authorized statutory range, and it [is] not required to make any findings or give its reasons for imposing maximum or less than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 854 N.E.2d 470, paragraph seven of the syllabus. When reviewing a felony sentence, an appellate court may vacate or modify a sentence "only if it determines by clear and convincing evidence" that the record does not support the sentence, or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; *see also* R.C. 2953.08(G)(2). A sentence "is not contrary to law [if it falls] within the statutory range [and the] trial court expressly state[s] that it * * * considered the purposes and principles of sentencing [under] R.C. 2929.11 [and the] 2929.12 [sentencing factors]." (Citation omitted.) *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.).

{¶ 5} Jenkins's eight-year prison sentence, though it was the maximum sentence, was within the authorized range, and during the sentencing hearing the trial court discussed the R.C. 2929.11 purposes and principles of sentencing and the R.C. 2929.12 sentencing factors. Thus, Jenkins's sentence was not contrary to law.

{¶ 6} The next issue is whether we can conclude by clear and convincing evidence that the record did not support the eight-year prison term. "[A] trial court may rely upon 'a broad range of information' at sentencing." *State v. Roberts*, 2d Dist. Clark No. 2017-CA-98, 2018-Ohio-4885, ¶ 21, quoting *State v. Bodkins*, 2d Dist. Clark No. 2010-CA-38, 2011-Ohio-1274, ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.). Thus, a sentencing court's consideration is not confined to the offense the defendant was convicted of committing "because the court is no longer concerned * * * with the narrow issue of guilt." *Id.*, citing *Bowser* at ¶ 14, citing *Williams v. New York*, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). As such, a sentencing court may, among other things, consider "facts relat[ing] to charges that were dismissed pursuant to a plea bargain, and allegations contained in a PSI report." *Id.* quoting *State v. Bautista*, 2d Dist. Clark No. 2015-CA-74, 2016-Ohio-5436, ¶ 12.

{¶ 7} As discussed by the trial court at the sentencing hearing, Jenkins had a criminal record that included a misdemeanor theft conviction and felony theft conviction. Further, a misdemeanor theft charge was pending when Jenkins was sentenced in this case. Jenkins was on probation for the misdemeanor theft conviction when he committed the burglary in this case. Additionally, Jenkins's criminal record included misdemeanor convictions for domestic violence and menacing. The trial court also discussed how the burglary offense had affected the elderly victims of Jenkins's conduct, referencing a victim impact statement. Given the above discussion and the very deferential standard of review, we cannot conclude that Jenkins's sentence was clearly and convincingly not supported by the record. Jenkins's first assignment of error is overruled.

**Right to a Speedy Trial/Ineffective Assistance of Counsel**

{¶ 8} We will discuss these interrelated assignments of error together. Jenkins's speedy trial argument is based upon his incarceration from April 28, 2017, the date he was arrested in this case, until September 1, 2017, the date he entered the negotiated guilty plea. A defendant facing a felony indictment must be brought to trial within 270 days of his arrest. R.C. 2945.71(C)(2). However, a defendant who is incarcerated in lieu of bail is entitled to the "triple count" provision of R.C. 2945.71(E). Thus, a continuously incarcerated defendant, assuming no tolling has occurred and the triple count provision is applicable, must be brought to trial within 90 days of his arrest. Jenkins was not brought to trial within 90 days of his arrest, triggering his claim that he suffered a speedy trial violation. However, Jenkins correctly concedes that, because he did not assert a speedy trial violation in the trial court, he is "precluded from now raising [this] issue on appeal." *State v. Humphrey*, 2d Dist. Clark No. 2002-CA-25, 2003-Ohio-2825, ¶ 17, citing *State v. Thompson*, 97 Ohio App.3d 183, 186-187, 646 N.E.2d 499 (6th Dist.1994); *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 37. Upon this authority, Jenkins's second assignment of error is overruled.

{¶ 9} Realizing the futility of a direct speedy trial challenge, Jenkins finally argues that his trial attorney rendered ineffective assistance because he failed to raise a speedy trial violation in the trial court. A guilty plea, as a complete admission of guilt, acts to waive all appealable error, "including claims of ineffective assistance of counsel, except to the extent that * * * [the ineffective assistance] precluded the defendant from knowingly, intelligently, and voluntarily entering * * * [a] guilty plea." *State v. Rozell*, 2018-Ohio-

1722, 111 N.E.3d 861 (2d Dist.), ¶ 40, quoting *State v. Leonard*, 2d Dist. Montgomery No. 27411, 2017-Ohio-8421, ¶ 13, citing *State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 81 (2d Dist.).   Thus, in order to establish ineffective assistance of counsel, a defendant who has entered a guilty plea must establish that he did so upon the advice of counsel, that such advice was outside the required "range of competence," and that, had counsel provided effective assistance, there is a "reasonable probability" that the defendant would not have entered the guilty plea and the outcome of the case would have been favorable to the defendant.   *Id.*, quoting *Frazier* at ¶ 81; *State v. Huddleson*, 2d Dist. Montgomery No. 26053, 2005-Ohio-4029, ¶ 9.

**{¶ 10}** This standard, assuming a speedy trial violation, could result in an ineffective assistance conclusion.   However, on this record, Jenkins cannot establish a speedy trial violation.   Jenkins was granted jail time credit from July 6, 2017.   Though the appellate record is not sufficient to allow a definitive analysis, ordering jail time credit from July 6 seems to reflect, based upon comments made by the trial court at the sentencing hearing, that in April 2017, Jenkins was arrested and sentenced to a 90-day term of incarceration for a probation violation regarding the previously noted misdemeanor theft conviction.   Assuming he was serving the 90-day sentence at the same time he was being held in lieu of bail in this case, Jenkins was not entitled to the "triple count" benefit during this period, because a defendant "is entitled to the triple-count provision only when he is held <u>solely</u> on the pending charge."   (Emphasis sic.)   *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E.2d 902 (2d Dist.), ¶ 32.

**{¶ 11}** Jenkins has asserted, but not established, a speedy trial violation.   As such, he cannot, on this record, establish ineffective assistance of counsel.   Jenkins's

third assignment of error is overruled.

{¶ 12} All of Jenkins's assignments of error having been overruled, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

John M. Lintz
Bryan K. Penick
Jeffery A. Jenkins
Hon. Richard J. O'Neill