[Cite as *State v. Nelson*, 2025-Ohio-2025.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2024-CA-75 |
| Appellee | : | |
| | : | Trial Court Case No. 24-CR-0234(A) |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| DEREK NELSON | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 6, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE

_____
MARY K. HUFFMAN, JUDGE

_____
ROBERT G. HANSEMAN, JUDGE

**OPINION**
CLARK C.A. No. 2024-CA-75


ALANA VAN GUNDY, Attorney for Appellant
ROBERT C. LOGSDON, Attorney for Appellee


EPLEY, P.J.

{¶ 1} Derek Nelson pled guilty in the Clark County Court of Common Pleas to one count of felonious assault, a second-degree felony, with a firearm specification. The trial court sentenced him to a minimum of seven and a maximum of 10½ years in prison for felonious assault, plus an additional three years for the firearm specification. Nelson appeals from his conviction, claiming ineffective assistance of counsel and violation of his due process rights. For the following reasons, the trial court's judgment is affirmed.

**I. Procedural History**

{¶ 2} During the overnight hours of August 6 to August 7, 2023, Rakeem Ford, Anthony Lane, Charles Ingledue, and Nelson were seated in Ford's Nissan Altima in front of the Wayside Tavern when Jerrel Fleming drove into the parking lot in another vehicle. Fleming had been shot on July 5, 2023, and he suspected that Ford or Nelson was responsible. Ford's Altima circled around the lot, and gunfire erupted between the vehicles. Two witnesses indicated that the occupants of the Altima were the first to shoot. The police investigation found that 18 spent casings at the Wayside Tavern were fired from a gun with Nelson's fingerprints.

{¶ 3} The encounter extended from the Wayside Tavern to downtown Springfield. Nelson reportedly continued to fire at Fleming as the vehicles pursued each other. Ford's vehicle ultimately crashed, and the four occupants fled on foot in different directions. Ford,

whom Nelson described as his best friend, was shot by Fleming in a nearby parking lot and died from his injuries.

{¶ 4} On March 6, 2024, Nelson was indicted for murder with a firearm specification (Count 1), two counts of felonious assault, each with a firearm specification (Counts 2 and 3), discharge of a firearm on or near prohibited premises with a firearm specification (Count 4), having weapons while under disability (Count 6), and improper handling of firearms in a motor vehicle (Count 7). Lane and Ingledue were charged with similar offenses in the same indictment. Nelson was served with the indictment on April 16, 2024, at the Ross Correctional Institution, where he was incarcerated for a post-release control violation based on this incident. After being transported to Clark County for his arraignment, Nelson pled not guilty. He was returned to prison shortly afterward.

{¶ 5} On April 19, 2024, Nelson's appointed counsel filed a "notice of appearance of counsel, plea of not guilty, demand for jury trial, demand for pre-trial, demand for speedy trial, demand for discovery, demand for bill of particulars, and demand for notice of intention to use evidence." The trial court scheduled a pretrial conference for June 4, 2024, and indicated that the trial date would be set at that time.

{¶ 6} On April 24, 2024 (five days after he entered his appearance), Nelson's counsel sought to withdraw due to a conflict of interest. On May 8, 2024, after Nelson's case was transferred to a different trial judge, the court issued a scheduling entry setting a jury trial for June 24, 2024. The next day, May 9, the trial court granted defense counsel's motion to withdraw, and it appointed another attorney to represent Nelson.

{¶ 7} The next filing in Nelson's case occurred on June 24, 2024, when defense counsel filed a motion for a copy of the trial transcript in *State v. Jerrel Fleming*, Clark C.P. 2023 CR 0550, in which testimony had been presented about Nelson. On July 1, 2024, the

trial court rescheduled the jury trial for September 17, 2024, based on the parties' agreement to continue the June 24, 2024 trial date. The following day, the court granted the motion for the transcript.

{¶ 8} Nelson ultimately retained counsel, and on August 15, 2024, new counsel entered a notice of substitution. Concurrently, counsel filed a demand for discovery and a notice of self-defense, highlighting that one of Nelson's co-defendants had testified that Nelson had acted in defense of himself and others. On September 10, 2024, defense counsel filed several additional motions, including motions for notice by the State of intention to use evidence, for a self-defense instruction, for leave from the court to wear street clothes to trial, for a bill of particulars, and to try the charge of having weapons while under disability to the court. Defense counsel also filed a witness list. The same day, the State filed a bill of particulars and notice of intention to use evidence.

{¶ 9} On September 17, 2024, the scheduled trial date, the court continued the jury trial on its own motion because it was presiding over another criminal matter; it rescheduled the trial for October 21, 2024. The court granted Nelson's motion to wear street clothes on October 4, 2024.

{¶ 10} On October 21, 2024, Nelson withdrew his not guilty plea and pled guilty to one count of felonious assault with the firearm specification (Count 2). In exchange, the State dismissed the remaining charges and specifications. There was no agreement as to sentence. Nelson waived a presentence investigation, and the court proceeded immediately to sentencing. It imposed an aggregate 10 to 13½ years in prison.

{¶ 11} Nelson appeals from the trial court's judgment, raising four assignments of error. We will address them in a manner that facilitates our analysis.

**II. Ineffective Assistance of Counsel**

{¶ 12} Nelson's first, second, and third assignments of error each raise ineffective assistance of counsel. He claims that his second trial attorney failed to properly communicate with him and advocate on his behalf, that counsel failed to advise him to file a speedy trial form under R.C. 2941.401, and that his retained counsel failed to seek dismissal based on violations of his speedy trial rights. Nelson's fourth assignment of error further argues that his attorneys' deficient performance deprived him of his right to due process.

## A. Relevant Standard for Ineffective Assistance of Counsel Claims

{¶ 13} To establish ineffective assistance of counsel, a defendant must demonstrate both that (1) trial counsel's conduct was deficient, and (2) trial counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Lloyd*, 2022-Ohio-4259, ¶ 15. The "benchmark" for determining ineffectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Lloyd* at ¶ 15, quoting *Strickland* at 686.

{¶ 14} Trial counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland* at 687; *Lloyd* at ¶ 16. The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* at 687; *State v. Dennis*, 2022-Ohio-2888, ¶ 37 (2d Dist.). Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525 (1992); *State v. Fields*, 2017-Ohio-400, ¶ 38 (2d Dist.). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 689.

{¶ 15} The second prong requires a showing that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different. *Strickland* at 694; *Lloyd* at ¶ 18. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 16} A claim of ineffective assistance of counsel cannot be raised on direct appeal if it relies on evidence outside the record. *E.g., State v. Stanford*, 2023-Ohio-1515, ¶ 36 (2d Dist.); *State v. Merrick*, 2020-Ohio-3744, ¶ 34 (2d Dist.).

{¶ 17} Nelson's conviction was based on his guilty plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Spates*, 64 Ohio St.3d 269, 272 (1992); *State v. Coffman*, 2021-Ohio-1601, ¶ 27 (2d Dist.). Consequently, a guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *Coffman* at ¶ 27; *State v. Riddle*, 2017-Ohio-1199, ¶ 26 (2d Dist.). "Only if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have instead insisted on going to trial will the judgment be reversed." (Citations omitted.) *State v. Huddleson*, 2005-Ohio-4029, ¶ 9 (2d Dist.).

### B. Failure to Communicate and to Advocate

{¶ 18} Nelson's first assignment of error claims that his trial counsel was ineffective for not meeting with him for 43 days, not picking up or providing him with discovery, and not advocating for a plea bargain for him. He states that this resulted in a prejudicial outcome for him, as his co-defendants received minimal sentences. His fourth assignment of error

further claims that counsel's conduct deprived him of his due process rights.

{¶ 19} Nelson emphasizes that his second assigned attorney did not work on his case, other than to request a copy of Fleming's trial transcript. Nelson lists numerous types of motions that counsel failed to file, and he notes that counsel did not submit a bill or a timesheet for work on Nelson's case. On April 19, 2024, Nelson's original attorney filed some of the demands/motions that Nelson listed, including demands for a jury trial, for a pretrial conference, for a speedy trial, for discovery, for a bill of particulars, and for a notice of intention to use evidence. The record shows that the State did not file a bill of particulars or notice of intention to use evidence until after retained counsel repeated those demands; it is unclear when the prosecution provided discovery to the defense.

{¶ 20} Nelson's communications with his second appointed counsel are not in the record, nor does the record reflect what actions defense counsel took to obtain discovery, to review discovery, to meet with Nelson, and to negotiate with the prosecutor. With the information before us, we can only speculate as to why counsel did not file particular motions and why Nelson received a substantially different sentence than his co-defendants. Nelson's argument necessarily relies on information outside the record. Consequently, his claim that his appointed counsel rendered ineffective assistance by failing to obtain and provide discovery and to properly advocate on his behalf is not properly raised on direct appeal. The same is true of his due process claim.

{¶ 21} Moreover, although Nelson is unhappy with the sentence he received, there is nothing in the record showing that counsel's alleged inaction prevented Nelson from entering a knowing, intelligent, and voluntary guilty plea. Accordingly, Nelson's guilty plea waived his argument that counsel's lack of advocacy constituted ineffective assistance.

{¶ 22} Nelson's first and fourth assignments of error are overruled.

**C. Nelson's Speedy Trial Rights**

{¶ 23} In his second assignment of error, Nelson asserts that his trial counsel was ineffective for not informing him about and advising him to submit a request for disposition under R.C. 2941.401. His third assignment of error contends that his retained counsel should have moved to dismiss his case under R.C. 2945.71. We have held that defense counsel renders ineffective assistance when the defendant's speedy trial time expires prior to the combined plea and sentencing hearing. *See Oakwood v. Lammers*, 2021-Ohio-1518, ¶ 48 (2d Dist.).

{¶ 24} Ohio has two speedy trial statutes: R.C. 2945.71 and R.C. 2941.401. Ohio's general speedy trial statute, R.C. 2945.71, "was implemented to incorporate the constitutional protection of the right to speedy trial," *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996), and it applies to most cases. R.C. 2941.401 provides a different speedy trial mechanism when a defendant is serving an Ohio prison sentence in another case. *State v. Harris*, 2023-Ohio-648, ¶ 11 (2d Dist.).

{¶ 25} A defendant can establish a prima facie case for a speedy trial violation by demonstrating that the trial was held past the time limit set by statute for the crime with which the defendant is charged. *State v. Gray*, 2007-Ohio-4549, ¶ 15 (2d Dist.). "If the defendant can make this showing, the burden shifts to the State to establish that some exception[s] applied to toll the time and to make the trial timely. If the State does not meet its burden, the defendant must be discharged. R.C. 2945.73." *Id.*

{¶ 26} R.C. 2945.71 designates specific time requirements for the government to bring an accused to trial. Under that statute, a person charged with a felony must be brought to trial within 270 days after the person's arrest. R.C. 2945.71(C)(2). Each day the accused is held in jail in lieu of bail is counted as three days. R.C. 2945.71(E). The

time within which a defendant must be brought to trial may be extended only for reasons specifically enumerated in R.C. 2945.72. *State v. Lovett*, 2022-Ohio-1693, ¶ 21 (2d Dist.). Those reasons include any period of delay necessitated by a motion instituted by the accused, the period of any continuance granted on the accused's own motion, and "the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72 (E), (H).

{¶ 27} When a person under indictment becomes imprisoned in Ohio on an unrelated offense, the general speedy trial statute ceases to govern and the 270-day speedy trial deadline for felonies is tolled. *E.g., Harris* at ¶ 14; *State v. Mize*, 2022-Ohio-3163, ¶ 33 (2d Dist.), citing *State v. Stewart*, 2006-Ohio-4164, ¶ 21 (2d Dist.). Instead, the provisions of R.C. 2941.401 control. *Id.*

{¶ 28} R.C. 2941.401 requires an imprisoned defendant to be brought to trial within 180 days after the defendant "causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of the prisoner's imprisonment and a request for a final disposition to be made of the matter." "A prisoner satisfies the 'causes to be delivered' requirement in R.C. 2941.401 by providing written notice of the place of his imprisonment and a request for final disposition to the warden of the institution where he is incarcerated." *State v. Williams*, 2023-Ohio-3647, ¶ 18. The 180-day speedy trial deadline under R.C. 2941.401 does not begin to run until the defendant sends the written notice and request in the manner required by the statute. The trial court may grant any necessary or reasonable continuance of the 180-day speedy trial period.

{¶ 29} Upon completion of the prison sentence, the general speedy trial statute again governs. *E.g., Harris* at ¶ 15; *Cleveland Hts. v. Coleman*, 2021-Ohio-846, ¶ 19-20 (8th Dist.); *State v. Clark*, 2008-Ohio-5208, ¶ 37 (12th Dist.); *State v. Beverly*, 2005-Ohio-4954

(4th Dist.).

{¶ 30} Nelson was arrested in this case on April 16, 2024, at Ross Correctional Institution, where he was serving time for a post-release control violation in another case. He was conveyed from the prison to the Clark County Jail for his arraignment, but he continued to serve his prison term for the post-release control violation while at the jail. The Sheriff's Office returned Nelson to Ross Correctional Institution following his arraignment.

{¶ 31} On June 3, 2024, Nelson was again transported to the Clark County Jail for a pretrial conference the following day. The record does not indicate whether Nelson was returned to prison after the pretrial conference and/or when he completed his prison term for the post-release control violation. Nelson states in his appellate brief that he was serving prison time for the post-release control violation through June 2, 2024; the State says through June 3, 2024. We will assume Nelson was serving the post-release control violation prison term through June 2, 2024.

{¶ 32} Nelson did not trigger R.C. 2941.401 while he was in prison. Because the general statutory speedy trial time is tolled while a defendant is imprisoned on a previous conviction, Nelson was not entitled to assert that *any* speedy trial time ran while he was serving prison time for the post-release control violation. *See State v. Hart*, 2022-Ohio-4550, ¶ 80 (2d Dist.). Nelson's speedy trial time under R.C. 2945.71 was tolled until June 3, 2024, when he was transported to Clark County and presumably was being held only for the charges in this case.

{¶ 33} For purposes of calculating Nelson's statutory speedy trial time under R.C. 2945.71, we focus on June 3 to October 21, 2024 (when Nelson entered his guilty plea), a period of 140 calendar days. Because Nelson was being held in jail in lieu of bail during that period, the triple-count provision applied, and the State was required to bring Nelson to

trial within 90 days of June 3, 2024, unless this time limit was extended under R.C. 2945.72.

{¶ 34} Most notably, on July 1, 2024, the trial court issued an entry which indicated that the June 24, 2024 jury trial was continued "by agreement of the parties" and rescheduled the trial date for September 17, 2024. We construe the entry as reflecting a joint motion to continue by the prosecution and the defense. A joint motion to continue falls under R.C. 2945.72(H), which extends the speedy trial time for the period of any continuance on the accused's own motion. *E.g., State v. Nelson*, 2024-Ohio-5750, ¶ 47 (12th Dist.) ("any continuances granted by a joint motion or agreement of the parties toll the statutory speedy-trial time limits"); *State v. Graham*, 2019-Ohio-2020, ¶ 27 (10th Dist.); *State v. Cross*, 2008-Ohio-3240, ¶ 24 (7th Dist.).

{¶ 35} We summarily reject Nelson's arguments that the continuance should not be charged to him due to the lack of a written motion in the record and that the entry did not comply with R.C. 2945.02. Significantly, on June 24, 2024, the then-scheduled trial date, defense counsel had requested a copy of the jury trial transcript in Fleming's case "so that he can adequately prepare his defense for trial." That motion both reflected defense counsel's need for a continuance of the trial date and caused the court to reschedule the jury trial. The period between June 24, 2024 and September 17, 2024 – 86 calendar days or 258 speedy trial days – was tolled.

{¶ 36} With the tolling of the time between June 24 and September 17, 2024, Nelson's statutory speedy trial time had not expired when he entered his plea. We therefore do not need to address whether any other portions of his speedy trial time were tolled under R.C. 2945.72. Nelson's retained counsel did not render ineffective assistance when they failed to move to dismiss the case on statutory speedy trial grounds.

{¶ 37} Nelson claims that he should have been informed about R.C. 2941.401 so that

he could have invoked the 180-day speedy trial deadline while he was imprisoned. The record does not demonstrate that Nelson was prejudiced by his counsel's failure to do so.

{¶ 38} Nelson's original counsel entered his appearance on April 19, 2024; his second attorney was appointed on May 9, 2024. Even assuming, for the sake of argument, that either attorney had told Nelson about R.C. 2941.401 immediately, and Nelson had acted on that knowledge immediately, Nelson finished serving his prison sentence months before the time limit under R.C. 2941.401 would have expired. The 180-day deadline would have ceased to apply on June 3, 2024 – approximately six weeks after Nelson's original attorney entered an appearance, and less than four weeks after his second attorney was appointed. We see nothing to suggest that Nelson would have been brought to trial within that time, particularly given the number and severity of the charges. On this record, Nelson has not demonstrated that his appointed counsels' alleged failure to advise him about R.C. 2941.401 had any prejudicial effect.

{¶ 39} Nelson's second and third assignments of error are overruled.

### III. Conclusion

{¶ 40} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

HUFFMAN, J. and HANSEMAN, J., concur.