[Cite as *State v. Hall*, 2025-Ohio-4880.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | : C.A. No. 2025-CA-2 |
| Appellee | : |
| | : Trial Court Case No. 23CR0172 |
| v. | : |
| | : (Criminal Appeal from Common Pleas |
| MARK HALL | : Court) |
| | : |
| Appellant | : **FINAL JUDGMENT ENTRY &** |
| | : **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 24, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MICHAEL L. TUCKER, JUDGE

LEWIS, J., and HANSEMAN, J., concur.

ALANA VAN GUNDY, Attorney for Appellant
CHRISTOPHER P. LANESE, Attorney for Appellee

TUCKER, J.

{¶ 1} Mark Hall appeals from his conviction following a guilty plea to one count of trafficking in cocaine, a first-degree felony.

{¶ 2} Hall contends his trial counsel provided ineffective assistance by failing to seek dismissal based on a speedy-trial violation.

{¶ 3} We find the record insufficiently clear to establish a speedy-trial violation on direct appeal. Accordingly, we affirm the judgment of the trial court.

## I. Background

{¶ 4} A grand jury indicted Hall on charges of cocaine trafficking, cocaine possession, aggravated drug possession, and two counts of having a weapon while under disability. The indictment included major-drug-offender, firearm, and forfeiture specifications. Hall ultimately pled guilty to cocaine trafficking with a firearm specification and agreed to forfeiture of various items. In exchange, the State agreed to dismiss the other charges and specifications. The plea agreement included an acknowledgement by Hall that he understood "the nature of these charges and the possible defenses" and that he was satisfied with his attorney's "advice and competence." The trial court accepted the plea and imposed an aggregate sentence of 12 to 17.5 years in prison. This appeal followed.

## II. Analysis

{¶ 5} Hall's sole assignment of error states:

**Counsel was ineffective for not submitting a motion to dismiss the case based on Mr. Hall spending over 350 days awaiting resolution of his case, and thus, violated his constitutional right to a speedy trial.**

{¶ 6} Hall contends his attorney provided ineffective assistance by failing to raise a speedy-trial argument. After considering various tolling events, he calculates that speedy-trial time was exceeded by at least 87 days. Therefore, he maintains that defense counsel performed deficiently by allowing him to plead guilty without moving to dismiss the charges. Hall alleges prejudice based on the trial court's imposition of a lengthy prison sentence when the charges should have been dismissed.

{¶ 7} In response, the State argues that Hall's guilty plea waived his ability to raise a speedy-trial argument on appeal. The State contends a guilty plea waives an ineffective-assistance claim unless counsel's deficient performance affected the knowing, intelligent, and voluntary nature of the plea. In reply, Hall insists that his guilty plea was neither knowing nor voluntary because his attorney failed to inform him that speedy-trial time had expired prior to the plea. He asserts that there was "no advisement by counsel that his case was subject to mandatory dismissal and no signed documents on the record noting that Mr. Hall, as an ordinary and intelligent individual, was informed his speedy trial [time] had expired."

{¶ 8} The right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. This constitutional mandate has been codified in R.C. 2945.71, which designates specific time limits for bringing a defendant to trial. Hall's assignment of error alleges a violation of his constitutional right to a speedy trial, whereas his briefing exclusively addresses the issue as a statutory claim. Consequently, we too will analyze the issue in the context of Ohio's speedy-trial statute.

3

{¶ 9} As relevant here, a defendant charged with a felony must be brought to trial within 270 days of arrest. R.C. 2945.71(C)(2). Speedy-trial time may be tolled by events delineated in R.C. 2945.72. Compliance with speedy-trial statutes is mandatory, and they "must be strictly construed against the state." *State v. Cox*, 2009-Ohio-928, ¶ 12 (12th Dist.). "Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." *State v. Long*, 2020-Ohio-5363, ¶ 15.

{¶ 10} Because Hall did not raise the speedy-trial issue below, we must review it through the lens of ineffective assistance of counsel. In *State v. Barnett*, 73 Ohio App.3d 244 (2d Dist. 1991), we stated that a guilty plea waives ineffective assistance of counsel unless counsel's deficient performance negated the knowing, intelligent, and voluntary nature of the plea. *Id*. at 249. In *Barnett*, we focused on the trial rights covered by Crim.R. 11 and reasoned that defense counsel's failure to seek dismissal on speedy-trial grounds did not affect the validity of the defendant's waiver of those rights. Finding no impairment to the knowing, intelligent, and voluntary nature of the defendant's guilty plea, we held that the plea waived his ability to argue ineffective assistance based on the lack of a speedy-trial argument in the trial court. We have followed *Barnett* at least twice to find that a guilty plea waived a defendant's ability to argue ineffective assistance of counsel predicated on counsel's failure to seek dismissal on speedy-trial grounds. *See State v. Bateman*, 2013-Ohio-4235, ¶ 8-9 (2d Dist.) (quoting *Barnett* and finding that counsel's failure to seek dismissal on speedy-trial grounds did not impair the validity of the defendant's guilty plea); *State v. Grimes*, 2017-Ohio-25, ¶ 9-10 (2d Dist.) (following *Bateman*).

{¶ 11} More recently, however, we have recognized that counsel's failure to seek dismissal on speedy-trial grounds might constitute actionable ineffective assistance that survives a guilty plea. In *State v. Jenkins*, 2019-Ohio-2249 (2d Dist.), we noted that a defendant who has entered a guilty plea must show that he did so on the advice of counsel, that the advice was outside the range of competence, and that there is a reasonable probability that the defendant would not have entered the plea and would have obtained a better outcome if counsel had provided competent advice. *Id*. at ¶ 9. We reasoned that "[t]his standard, assuming a speedy trial violation, could result in an ineffective assistance conclusion." *Id*. at ¶ 10.

{¶ 12} In an even more recent case, *Oakwood v. Lammers*, 2021-Ohio-1518, ¶ 48 (2d Dist.), we found ineffective assistance of counsel and reversed a conviction, despite a no-contest plea, based on counsel's failure to seek dismissal on speedy-trial grounds. Like a guilty plea, a no-contest plea has been found to waive ineffective assistance of counsel except to the extent that deficient performance impaired the validity of the plea. *State v. Buck*, 2006-Ohio-4394, ¶ 25 (2d Dist.). Therefore, the implication of *Lammers* was that counsel's failure to seek dismissal on speedy-trial grounds did impair the validity of the defendant's plea. *See also State v. Nelson*, 2025-Ohio-2025, ¶ 23 (2d Dist.) (citing *Lammers* for the proposition that "defense counsel renders ineffective assistance when the defendant's speedy trial time expires prior to the combined plea and sentencing hearing").

{¶ 13} The result in *Lammers* is consistent with Ohio Supreme Court authority. In *Montpelier v. Greeno*, 25 Ohio St.3d 170, 172 (1986), the court recognized that a guilty plea generally waives a defendant's ability to pursue a straight statutory speedy-trial claim on appeal. In a footnote, however, the justices acknowledged that "[a] more colorable claim would be made if issues of ineffective assistance of counsel . . . were present." *Id*. at 172,

5

fn. 5. More recently, in *State v. Drain*, 2022-Ohio-3697, the majority recognized that "[i]neffective assistance of counsel can affect the voluntariness of a guilty or no-contest plea when 'a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel.'" *Id*. at ¶ 37, quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In such a case, assessing voluntariness requires determining whether counsel's advice fell within the range of competent representation. *Id*.

{¶ 14} In a second case, *State v. Romero*, 2019-Ohio-1839, the Ohio Supreme Court noted that a defendant alleging ineffective assistance of counsel in the context of a guilty plea simply must satisfy the two-part test found in *Strickland v. Washington*, 466 U.S. 668 (1984) by establishing deficient performance and prejudice. *Romero* at ¶ 15-16. *Romero* involved the trial court's denial of a plea-withdrawal motion alleging ineffective assistance of counsel. The deficient performance concerned defense counsel's failure to advise the defendant about the deportation consequences of a guilty plea. The lead opinion criticized the trial court for applying the "wrong legal analysis" by relying on the existence of a valid plea under Crim.R. 11 to find no ineffective assistance. *Id*. at ¶ 17. The lead opinion distinguished the Crim.R. 11 inquiry from the inquiry required to assess ineffective assistance of counsel, reasoning:

> As the United States Supreme Court has explained, an inquiry into whether a defendant entered his plea knowingly and voluntarily "is not the correct means by which to address a claim of ineffective assistance of counsel." *Lafler [v. Cooper]*, 566 U.S. [156,] 173, 132 S.Ct. 1376, 182 L.Ed.2d 398. A court's duty to ensure that pleas are entered knowingly and voluntarily arises from the constitutional guarantee of due process. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United*

*States v. Akinsade*, 686 F.3d 248, 255 (4th Cir.2012). By contrast, counsel's duty to provide competent advice during plea proceedings arises from a separate constitutional guarantee—the Sixth Amendment right to counsel. *Missouri v. Frye*, 566 U.S. 134, 141, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). A knowing and voluntary plea therefore does not supersede defense counsel's errors. *Id*. "It is counsel's duty, not the court's, to warn of certain immigration consequences, and counsel's failure cannot be saved by a plea colloquy." *United States v. Urias-Marrufo*, 744 F.3d 361, 369 (5th Cir.2014). When, as here, the defendant asserts a claim of ineffective assistance of counsel, the court must focus on counsel's deficient performance and the prejudice arising from that deficiency.

*Id*. at ¶ 18.

{¶ 15} Based on the foregoing authority, the existence of a guilty plea does not preclude Hall from establishing ineffective assistance of counsel predicated on his attorney allowing him to plead guilty without seeking dismissal on statutory speedy-trial grounds. Regardless of whether we view the alleged ineffective assistance as (1) impairing the knowing, intelligent, or voluntary nature of Hall's plea, as in *Drain* or (2) involving a wholly separate inquiry, as in *Romero*, Hall is entitled to raise the speedy-trial issue on appeal.

{¶ 16} As noted above, however, we are reviewing the issue in the context of ineffective assistance of counsel, which requires a showing of deficient performance and prejudice. "Trial counsel's performance is deficient if it falls below an objective standard of reasonableness." (Citations omitted.) *Nelson* at ¶ 14. In making this assessment, "[t]rial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance." *Id*. The prejudice analysis requires a showing that counsel's

7

deficient performance created a reasonable probability that the outcome would have been different but for counsel's errors. *Id*. at ¶ 15.

{¶ 17} With the foregoing standards in mind, we conclude that Hall has not shown ineffective assistance of counsel. As an initial matter, an ineffective-assistance claim cannot be pursued on direct appeal if it requires evidence outside the record. *State v. Bowen*, 2025-Ohio-2610, ¶ 35 (2d Dist.). Here, Hall insists his attorney failed to tell him speedy-trial time had expired prior to his guilty plea. He contends the record is devoid of evidence that counsel made any such advisement. This argument is belied by Hall's signed plea form. In that document, he acknowledged understanding the nature of the charges and "the possible defenses I might have." A speedy-trial violation is a complete defense to a criminal charge. On its face, then, Hall's plea form constitutes a written admission that his attorney advised him of a potential speedy-trial defense.

{¶ 18} In his reply brief, Hall asserts that "[i]t is an easy assumption to presume that had he been informed, [he] would not have pleaded guilty to any charge." The implication of Hall's plea form, however, is that he was informed, and he plainly did plead guilty. There are conceivable reasons why a defendant with a potential speedy-trial defense might elect to forego it and plead guilty. One reason might involve defense counsel's assessment of the strength of the argument. Speedy-trial issues are not always clear cut, and an attorney presented with a favorable but short-lived plea offer from the State reasonably could advise a defendant to accept it. Given the existing "strong presumption" that Hall's attorney's conduct fell within the range of reasonable assistance, we decline Hall's invitation to assume or presume the opposite.

{¶ 19} Ultimately, however, we need not decide whether an objectively good reason existed for Hall to forego pursuing a speedy-trial motion and to plead guilty instead. In his

8

signed plea form, he represented to the trial court that he had been advised of "the possible defenses" to the charges, which would include a speedy-trial defense. Although post-conviction remedies might enable Hall to overcome that representation, doing so would require evidence outside the record. Therefore, he cannot establish ineffective assistance of counsel on direct appeal.

{¶ 20} Finally, even if we consider the merits of the speedy-trial issue, the record on appeal is unclear whether the time to bring Hall to trial expired prior to his plea. A grand jury indicted him on March 21, 2023, apparently while he already was incarcerated on charges in another case. Two days later, Hall entered a not-guilty plea, moved for a bill of particulars, and demanded discovery. The request for a bill of particulars and discovery demand tolled speedy-trial time for a reasonable period. In *State v. Davis*, 2025-Ohio-1676, ¶ 17 (2d Dist.), we noted that 30 days normally is a reasonable time to respond to such requests. Regarding discovery, however, the reasonableness of a delay is fact-specific and must be evaluated on a case-by-case basis. *State v. Votaw*, 2024-Ohio-5349, ¶ 20, 27-29 (2d Dist.). Here, Hall concedes that the record does not indicate when discovery was provided. We also have no way to assess the quantity of the discovery involved or the complexity of the case. Therefore, in the context of Hall's ineffective-assistance claim, we cannot determine, on direct appeal, how long his discovery request tolled speedy-trial time.

{¶ 21} The record contains other ambiguities as well. On March 23, 2023, Hall made a written request for a status conference. A March 31, 2023 transcript establishes that the request was made to afford defense counsel time to decide how to proceed. In response to the request, the trial court filed an April 5, 2023 journal entry setting a review hearing for May 2, 2023. Therefore, speedy-trial time was tolled through May 2, 2023. *State v. Cruea*, 2005-Ohio-4731, ¶ 10 (2d Dist.) ("While requests for pretrial conferences do not

automatically extend the statutory time requirements in R.C. 2945.71, the time between a request and pretrial conference will be tolled where the record shows that the pretrial was granted at the defendant's own request and there is nothing facially unreasonable about the time taken to provide the pretrial.").

{¶ 22} The record does not indicate whether the May 2, 2023 review hearing occurred. Instead, the record contains a series of subsequent entries setting review hearings for various dates but nothing memorializing their occurrence. One of those entries specifically attributed the need for a review hearing to a request from Hall. The others were non-specific. *See* docket entries dated July 5, 2023, July 17, 2023, September 29, 2023, November 28, 2023. The July 5, 2023 entry attributed a review-hearing request to Hall. The last of the entries scheduled a review hearing for January 3, 2024.

{¶ 23} We find the record unclear regarding how much the scheduled review hearings tolled speedy-trial time. Hall's initial request and the later entry attributing a scheduled hearing to a request from him certainly stopped the speedy-trial clock. Other entries were non-specific as to the origin of the request, but it may be that defense counsel made those requests as well. Although tolling ambiguities typically are construed against the State, we are mindful that Hall's attorney also must be strongly presumed to have provided competent representation. Thus, it may be that defense counsel did not raise a speedy-trial argument predicated on review-hearing delay because he knew he was responsible for the delay, a fact the record may have borne out more clearly if the issue had been raised below.

{¶ 24} Assuming a review hearing occurred on January 3, 2024, speedy-trial time ran from that date until March 25, 2024, when the parties jointly agreed to a May 14, 2024 trial date. Hall's affirmative agreement to this date tolled speedy-trial time from March 25, 2024

10

to May 14, 2024. Hall also filed a May 10, 2024 motion in limine that the trial court resolved on May 15, 2024, independently tolling speedy-trial time for those five days as well.

{¶ 25} On May 14, 2024, Hall's counsel orally requested a continuance of the trial scheduled for that day. In support, counsel advised the court: "Understanding that we have the other case that's now set for trial and basically, your Honor, for a plethora of reasons, Mr. Hall is requesting a continuance." *See* May 14, 2024 Transcript, p. 28. Although this request was motivated in part by the State's failure to provide a witness list or a bill of particulars, Hall concedes on appeal that the request tolled speedy-trial time. The trial court granted the continuance and reset his trial for September 9, 2024. Hall then filed a September 6, 2024 motion to continue the scheduled trial date. The trial court sustained the motion and reset the trial for January 15, 2025. Therefore, speedy-trial time remained tolled through January 15, 2025, when Hall pled guilty.

{¶ 26} Although he was incarcerated during a portion of the time at issue, Hall acknowledges that triple counting of speedy-trial days did not apply because he was being held on separate charges in another case. Therefore, the issue is whether more than 270 speedy-trial days elapsed prior to his guilty plea. Based on our review, we are unable to find a speedy-trial violation. Two days elapsed between Hall's indictment and his motion for a bill of particulars, discovery demand, and first request for a status conference. The motion for a bill of particulars reasonably tolled speedy-trial time for 30 days. The discovery request tolled time for an indeterminable period. Proper resolution of that issue requires factual determinations that were not made below because the speedy-trial issue was not raised. The initial review-hearing request tolled time from March 3, 2023 until at least May 2, 2023, the first date set for the requested hearing. The extent to which the other journal entries scheduling review hearings tolled time depends on who requested them and the reason for

them. In short, we find the record insufficiently clear on direct appeal to establish ineffective assistance of counsel predicated on a speedy-trial violation.

### III. Conclusion

**{¶ 27}** Hall's assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

LEWIS, J., and HANSEMAN, J., concur.